

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2008

# USA v. Clark

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5221

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Clark" (2008). 2008 Decisions. Paper 1041.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1041

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-5221

UNITED STATES OF AMERICA

v.

TRACY CLARK

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 01-cr-00428-2)
District Judge: Honorable Robert F. Kelly

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2008

Before: AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed June 9, 2008)

OPINION

AMBRO, Circuit Judge

In June 2003, appellant Tracy Clark was convicted by a jury of possession of a

firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  He was

ultimately sentenced to a 235-month term of imprisonment and a five-year term of supervised release.  Clark appealed and his counsel, Christopher D. Warren, Esq., filed a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967).  For the reasons set forth below, we grant that motion and affirm the sentence imposed by the District Court.[1]

Because we write solely for the parties, we recite only those facts necessary to our decision.  In December 1999, Philadelphia police officers executed a search warrant on an apartment, whereupon they apprehended Clark with a loaded .45 caliber semi-automatic firearm.  He was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the grand jury later returned a superseding indictment charging that Clark also violated 18 U.S.C. § 924(e).  He thereafter pled guilty.

Clark later filed, however, a *pro se* motion to withdraw the guilty plea, which the District Court denied.  The Court appointed counsel for Clark, and his counsel filed a second motion to withdraw the guilty plea, which the Court granted in March 2003.  The case went to trial, and Clark was convicted by a jury in June 2003.  At sentencing, the Court determined that Clark's offense level was 33 and his Criminal History Category was VI, resulting in an advisory Guidelines range of 235–293 months.  The District Court found that Clark was a danger to the community and sentenced him at the top of the

---

[1] The District Court exercised jurisdiction over this matter pursuant to 18 U.S.C. § 3231.  We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.  *See United States v. Cooper*, 437 F.3d 324, 327–28 (3d Cir. 2006).

Guidelines range to a 293-month term of imprisonment and a five-year term of supervised release. In October 2004, we affirmed the conviction and sentence. The Supreme Court denied *certiorari* in late January 2005.

In January 2006, Clark filed a motion under 28 U.S.C. § 2255 seeking to attack collaterally his conviction and sentence on the grounds that his counsel had been ineffective in advising him to withdraw his guilty plea and in failing to seek resentencing under *United States v. Booker*, 543 U.S. 220 (2005). The District Court rejected the first ineffective assistance claim, and, without considering the merits of the second claim, granted Clark's request for resentencing under *Booker* because his judgment was not final at the time *Booker* was announced.[2] *See id.* at 268.[3]

At the resentencing hearing, the District Court calculated Clark's Guidelines range

---

[2] The Supreme Court handed down its decision in *Booker* on January 12, 2005 and denied Clark's petition for *certiorari* on January 25, 2005.

[3] The District Court's decision to grant *Booker* resentencing did not deal with whether Clark's counsel had been ineffective. Clark asserted that his counsel was ineffective in failing to file a letter under Federal Rule of Appellate Procedure 28(j) informing the Supreme Court of its own decision in *Booker*. This can hardly serve as the basis for an ineffectiveness claim because the Federal Rules of Appellate Procedure apply to the Courts of Appeals and not the Supreme Court. The District Court may have implicitly rested its decision on Clark's counsel's failure to raise the *Booker* resentencing issue before the Supreme Court by supplementing the petition for *certiorari* pursuant to Supreme Court Rule 15.8, which states in pertinent part that "[a]ny party may file a supplemental brief at any time while a petition for a writ of certiorari is pending, calling attention to new cases, new legislation, or other intervening matter not available at the time of the party's last filing." In any event, we need not speculate any further as to why the District Court granted resentencing because the Government did not challenge that decision.

3

as it had at the initial sentencing. Neither party made any motions for downward departure. Arguing based on the 18 U.S.C. § 3553(a) factors, Clark's attorney contended that Clark should receive a downward variance because of the effect of incarceration on his children. The Government responded that no downward variance was warranted because of Clark's significant criminal history. The District Court considered the arguments of both parties and ultimately imposed a 235-month term of imprisonment—which was at the bottom of the advisory Guidelines range—and a five-year term of supervised release.

After his resentencing, Clark filed an untimely *pro se* notice of appeal in this Court and a motion for an extension of the time to appeal in the District Court. The District Court granted the motion for an extension, retroactively rendering Clark's notice of appeal timely. His counsel then filed the *Anders* motion seeking to withdraw as counsel.

Under *Anders*, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. The motion must be accompanied by "a brief referring to anything in the record that might arguably support the appeal." *Id.* "The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001). A copy of counsel's brief must be furnished to the appellant, who must be given time to "raise any points that he chooses" in a *pro se* brief. *Anders*, 386 U.S. at 744; *see also* Third

4

Circuit LAR 109.2(a).

Our review of an *Anders* motion is two-fold. First, we must satisfy ourselves that "counsel adequately fulfilled the rule's requirements." *Youla*, 241 F.3d at 300. Next, we must determine whether "an independent review of the record presents any nonfrivolous issues." *Id.* Where, as here, the *Anders* brief is adequate on its face, we confine our independent review to those issues raised in the *Anders* brief and the appellant's *pro se* brief. *Id.* at 301.

Clark's counsel has filed a brief that easily complies with *Anders*. He thoroughly described the process of Clark's resentencing and concluded that there are no meritorious issues for appeal. Based on our independent review of the record, we agree. In resentencing Clark, the District Court followed the steps our Court outlined in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), and ultimately imposed a within-Guidelines sentence that satisfies reasonableness review.

In his *pro se* brief, Clark raises the claim that his counsel was ineffective for failing to contest the District Court's determination that his prior convictions qualified as offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e), in light of *Shepard v. United States*, 544 U.S. 13 (2005). However, we decline to address his ineffective assistance claim at this time because those claims are "best decided in the first instance in a collateral action" rather than on direct appeal. *United States v. Thornton*, 327 F.3d 268, 272 (3d Cir. 2003).

Because there are no nonfrivolous issues for appeal, Clark's sentence is hereby

5

affirmed, and counsel for Clark is granted leave to withdraw.